STATE *v.* JOHNSON DOYALL.

A District Judge has no power to summon a jury, at the time fixed by law to hold the regular probate term of the court.

APPEAL from the District Court of the Parish of Franklin, *Barry, J.* District Attorney, for the State. *Crawford,* for defendant and appellant.

MERRICK, C. J.   By law the probate term of the District Court for the parish of Franklin is fixed for the third Monday of December. Acts 1855, 494. The 7th section of the same statute provides, " That at the jury terms preference shall be given to jury causes, at the probate terms to probate causes. No jury shall be summoned for the probate terms." Ibid, 492.

The indictment in this case for carrying concealed weapons, was found by a Grand Jury, sworn and empannelled for the third Monday of December, 1855, (Dec. 17th,) the day fixed by the statute for the commencement of the probate term of the court. The motion to quash the indictment having been filed in time ought, it would seem, to have prevailed. But it is objected that there is another statute which allows the District Judges to hold adjourned or special terms whenever they may consider it necessary. This must be construed in such a manner as not to conflict with other positive provisions of law. The law says no jury shall be summoned at a probate term, and fixes the time of the commencement of such term. How can the Judge change a term of the court fixed by law for one particular class of business, and call a Grand Jury, when the statute has expressly prohibited the calling of a jury?

Being of the opinion that the Grand Jury was illegally formed, and the indictment insufficient for that cause, it is unnecessary to pass upon the other questions raised by the appeal.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the indictment in this case be quashed, without prejudice to any right the State may have to renew at a legal term the proceedings in the lower court.

SPOFFORD, J., dissenting.   The same statute which fixed the third Monday of December for the regular probate term of the District Court in the parish of Franklin conferred the power upon the Judge of that district to hold adjourned or special terms of his court *whenever he might find it necessary,* at which terms all business, civil and criminal, might be transacted as if it were a regular term ; and, if necessary, to order the Sheriff to summon a jury to attend the court. Sec. 26, Act March 15th, 1855, p. 495

Construing all the parts of this statute together, I think there is no reason for quashing the proceedings in this case. The District Judge deemed it necessary to hold a special jury term of his court on the third Monday of December, 1855. It might well have happened, that there were no probate causes in contestation at that time: At any rate, the District Judge was sole arbiter of the question of the *necessity* of holding a jury term then. And, I think, under the statute, he had power to hold a special jury term, instead of the regular probate term, if, in his judgment, the public interest required it.